UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

The Cincinnati Indemnity Company,

        Plaintiff,

vs.

Industrial & Environmental Concepts, Inc.
and Minn-Dak Farmers Cooperative,

        Defendants.

Civ. No. 0:22-cv-1303
_____

_____

**COMPLAINT FOR DECLARATORY JUDGMENT**
_____

COMES NOW Plaintiff The Cincinnati Indemnity Company ("Cincinnati"), by and through the undersigned counsel, as and for its Complaint for Declaratory Judgment against the Defendants above-named, states and alleges as follows:

### NATURE OF ACTION

1. That this is an action brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 by which Plaintiff Cincinnati seeks a declaration of the parties' respective rights, duties and obligations under an insurance policy that Cincinnati issued to Defendant Industrial & Environmental Concepts, Inc. ("IEC").

2. That, specifically, Cincinnati seeks a judgment declaring that it has no duty to defend or indemnify Defendant IEC with respect to claims asserted by Defendant Minn-Dak Farmers Cooperative ("Minn-Dak") in an action now pending in the United States District Court for the District of North Dakota.

## PARTIES, JURISDICTION AND VENUE

3. That Plaintiff Cincinnati is an insurance company organized and existing under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio, and is authorized to issue insurance policies and otherwise conduct business in Minnesota.

4. That Defendant IEC is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Lakeville, Minnesota.

5. That Defendant Minn-Dak is a North Dakota cooperative association formed under North Dakota Century Code Ch. 10-15 with its principal place of business in Wahpeton, North Dakota, and is joined in this action as an "interested party" with respect to Plaintiff Cincinnati's claim for declaratory relief against Defendant IEC.

6. That this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 332(a)(1), as the amount in controversy exceeds the sum of $75,000 and there is diversity of citizenship between Plaintiff Cincinnati and the Defendants.

7. That this Court has personal jurisdiction over Defendant IEC, and venue is proper herein, because Defendant IEC is a citizen of the State of Minnesota with its principal place of business within the District.

## FACTUAL BACKGROUND

8. That on or about December 16, 2021, Defendant Minn-Dak commenced an action against Defendant IEC in the United States District Court For the District of North Dakota, Case No. 3:21-cv-00218-PDW-ARS ("the Underlying Action"). A true and

2

correct copy of the Complaint in the Underlying Action is attached hereto as Exhibit A and incorporated herein by reference.

9. That the Complaint in the Underlying Action alleges that Minn-Dak contracted with IEC in April 2019 to furnish and install a replacement HDPE liner and an HDPE cover for a 10.4 acre holding pond for wastewater generated in connection with sugar beet processing.

10. That the Complaint in the Underlying Action further alleges that IEC completed installation of the replacement HDPE liner in November 2019 and began installation of the HDPE cover in 2020, with the cover approximately one-quarter complete from east to west across the pond by the evening of June 8, 2020.

11. That the Complaint in the Underlying Action also alleges that sometime before 6:00 a.m. on June 9, 2020 strong winds caught the leading western edge of the partially installed cover, lifted it up, and blew it back to the eastern edge of the pond, resulting in extensive damage to both the cover and the liner.

12. That the underlying Complaint further alleges that the damage resulted from IEC's failure to follow typical industry standards during its installation of the cover, in several particulars.

13. That the underlying Complaint asserts causes of action against IEC for breach of contract, breach of warranty and negligence, and seeks damages in excess of $1,000,000.

# THE CINCINNATI POLICY

14. That at the time of the loss described in the Complaint in the Underlying Action, there was in force a policy of insurance issued by Plaintiff Cincinnati to Defendant IEC with effective dates of January 1, 2020 to January 1, 2021 ("the Policy"). A true and correct copy of the Policy, appropriately redacted, is attached hereto as Exhibit B and incorporated herein by reference.

15. That the Policy includes a Commercial General Liability (CGL) coverage part which provides, in relevant part:

> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
> . . .
> **SECTION I – COVERAGES**
> **COVERAGE A.   BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> 1. **Insuring Agreement**
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of . . . "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for . . . "property damage" to which this insurance does not apply. . . . .
>       . . .
>    b. This insurance applies to . . . "property damage" only if:
>       **(1)** The . . . "property damage" is caused by an "occurrence" . . . .;
>       **(2)** The . . . "property damage" occurs during the policy period; and
>       . . .
>    . . .
> 2. **Exclusions**
>    This insurance does not apply to:
>    . . .
>    j. **Damage to Property**
>       "Property damage" to:
>       . . .
>       **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are

>> performing operations, if the "property damage" arises out of those operations; or
>> **(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>> . . .
>> Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".
>
> **k. Damage to Your Product**
> "Property damage" to "your product" arising out of it or any part of it.
>
> **l. Damage to Your Work**
> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.
>
> **m. Damage to Impaired Property or Property Not Physically Injured**
> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
> **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
> **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.
> . . .
> . . .
>
> **SECTION V – DEFINITIONS**
> . . .
> **11.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
> **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
> **b.** You have failed to fulfill the terms of a contract or agreement
>
> If such property can be restored to use by:
> **a.** The repair, replacement, adjustment or removal of "your product" or "your work"; or
> **b.** Your fulfilling the terms of the contract or agreement.
> . . .

10432628

16. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

19. "Products-completed operations hazard":
   a. includes all . . . "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
      (1) Products that are still in your physical possession; or
      (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
         (a) When all of the work called for in your contract has been completed; or
         
         . . .
         
         (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
      
      Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

. . .

20. "Property damage" means:
   a. Physical injury to tangible property, including all resulting loss of use of that property. . . ..
   b. Loss of use of tangible property that is not physically injured. . . ..
   
   . . .

. . .

25. "Your product":
   a. Means:
      (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
         (a) You;
         
         . . .
         
      (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
   b. Includes:
      (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
      
      . . .

26. "Your work":
   a. Means:
      (1) Work or operations performed by you or on your behalf; and

6

10432628

> **(2)** Materials, parts or equipment furnished in connection with such work or operations.
> **b.** Includes:
> **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
>
> . . .
>
> * * *
>
> **EXCLUSION – CONTRACTORS –
> PROFESSIONAL LIABILITY**
>
> . . .
>
> The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** . . .:
> **1.** This insurance does not apply to . . . "property damage" . . . arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:
>   **a.** Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and
>   **b.** Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the . . . "property damage" . . . involved the rendering of or failure to render any professional services by you or on your behalf with respect to the operations described above.
>
> **2.** Subject to Paragraph **3.** below, professional services include:
>   **a.** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and
>   **b.** Supervisory or inspection activities performed as part of any related architectural or engineering activities.
> **3.** Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.
>
> * * *

16.    That the Policy also includes a Commercial Umbrella Liability coverage part, which provides in relevant part:

**COMMERCIAL UMBRELLA LIABILITY COVERAGE FORM**

. . .

**SECTION I – COVERAGE**

**A. Insuring Agreement**

1. We will pay on behalf of the insured the "ultimate net loss" which the insured is legally obligated to pay as damages for . . . "property damage" to which this insurance applies:
   a. Which is in excess of the "underlying insurance"; or
   b. Which is either excluded or not insured by "underlying insurance".
2. This insurance applies to . . . "property damage" only if:
   a. The . . . "property damage" is caused by an "occurrence" . . .;
   b. The . . . "property damage" occurs during the policy period shown in the Declarations; or
   . . .

. . .

**B. Exclusions**

This insurance does not apply to:

. . .

4. **Damage to Impaired Property or Property Not Physically Injured**

   "Property damage' to "impaired property" or property that has not been physically injured, arising out of:
   a. A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
   b. A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

   This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

. . .

6. **Damage to Your Product**
   "Property damage" to "your product" arising out of it or any part of it.
7. **Damage to Your Work**
   [Replaced by Endorsement]

. . .

**SECTION V – DEFINITIONS**

. . .

11. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
    a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
    b. You have failed to fulfill the terms of a contract or agreement.
    if such property can be restored to use by:
    a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

10432628

  **b.** Your fulfilling the terms of the contract or agreement.

. . .

16. "Occurrence" means:
    a. An accident, including continuous or repeated exposure to substantially the same general harmful conditions, that results in . . . "property damage"; or

    . . .

. . .

19. "Products-completed operations hazard":
    a. Includes all . . . "property damage" occurring away from premises you own or rent and arising out of 'your product" or "your work" except:
       **(1)** Products that are still in your physical possession; or
       **(2)**  Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
        **(a)**  When all of the work called for in your contract has been completed;
        . . .
        **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
       Work that may need services, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

20. "Property damage" means:
    a. Physical injury to or destruction of tangible property including all resulting loss of use. . . ..
    b. Loss of use of tangible property that is not physically injured. . . ..

    . . .

. . .

28. "Your product":
    a. Means:
       **(1)**  Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
        **(a)**  You;
        . . .
       **(2)**  Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
    b. Includes:
       **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
       . . .

29. "Your work":
   a. Means:
      (1) Work or operations performed by you or on your behalf; and
      (2) Materials, parts or equipment furnished in connection with such work or operations.
   b. Includes:
      (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; or
      . . .

\* \* \*

**CONTRACTORS LIMITATIONS – INCLUDING EXCESS WRAP-UP COVERAGE**

. . .

**SECTION I – COVERAGE, B. Exclusions** . . . is modified as follows:

**I.** The following exclusions are hereby added:
   **A.** This insurance does not apply to:
   1. "Property damage" to:
      . . .
      b. Property being transported, installed, erected, or worked upon by the insured or any contractors or subcontractors working directly or indirectly on any insured's behalf.
      . . .
   . . .
. . .

**III.** Exclusion **7. Damage to Your Work** . . . is deleted and replaced by the following:

This insurance does not apply to:

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor, provided such liability is insured by valid and collectible "underlying insurance", as listed and described in the Schedule of Underlying Insurance, and then only for such hazards for which coverage is afforded by such "underlying insurance".

\* \* \*

17. That the Policy contains other terms, conditions, limitations and exclusions that may exclude or limit coverage for Defendant IEC against the claims asserted in the Underlying Action.

## **CLAIM FOR DECLARATORY JUDGMENT**

18. That Plaintiff Cincinnati re-alleges and incorporates by reference the preceding paragraphs.

19. That Defendant IEC has requested liability coverage from Plaintiff Cincinnati with respect to the claims asserted in the Underlying Action.

20. That there is no coverage for Defendant IEC under the CGL coverage part of the Policy because Exclusions A.2.j.(5) (Damage to Property), A.2.j.(6) (Damage to Property), A.2.k. (Damage to Your Product), A.2.l. (Damage to Your Work), A.2.m. (Damage to Impaired Property or Property Not Physically Injured), and the Contractors Professional Liability Exclusion added by endorsement collectively are a complete bar coverage under that coverage part for all claims and damages asserted against IEC in the Underlying action.

21. That there is no coverage for Defendant IEC under the Commercial Umbrella Liability coverage part of the Policy because Exclusions B.4. (Damage to Impaired Property or Property Not Physically Injured), B.6. (Damage to Your Product), B.7. (Damage to Your Work as modified by the Contractors Limitations – Including Excess Wrap-Up Endorsement), and an additional exclusion added by the Contractors Limitations – Including Excess Wrap-Up Coverage Endorsement applicable in relevant

part to "property damage" to "property being . . . installed, erected, or worked upon by the insured . . ." are collectively a complete bar to coverage under that coverage part for all claims and damages asserted against IEC in the Underlying Action.

22. That there is an actual controversy which is ripe for adjudication concerning whether the Policy provides any coverage to Defendant IEC for liability for the claims and damages asserted against IEC in the Underlying Action.

23. That Plaintiff Cincinnati is entitled to a declaration that the Policy provides no coverage for any claims, damages or liability of IEC as alleged in the Underlying Action.

WHEREFORE, Plaintiff Cincinnati respectfully requests the Order and Judgment of this Court declaring, adjudging and determining as follows:

a. That Plaintiff Cincinnati has no duty under the Policy to defend Defendant IEC with respect to the claims asserted in the Underlying Action;

b. That Plaintiff Cincinnati has no duty to indemnify Defendant IEC for any liability or damages recovered or awarded against IEC by settlement or judgment in the Underlying Action;

c. That Defendant Minn-Dak is not entitled to recover under the Policy for any settlement or judgment it obtains from or against IEC in the Underlying Action;

d. That Plaintiff Cincinnati is entitled to its costs and disbursements incurred herein; and

e. For such other and further relief as the Court deems just and proper.

ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, P.A.

Dated: 05/13/2022\_\_\_            /s/ Stephen M. Warner
                                   Stephen M. Warner (#0271275)
                                   500 Young Quinlan Building
                                   81 South Ninth Street
                                   Minneapolis, MN 55402-3214
                                   (612) 339-3500
                                   smwarner@arthurchapman.com

                                   *Attorneys for Plaintiff The Cincinnati Indemnity Company*

10432628